UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILLIP ANNESE,

                    Plaintiff,                  5:12-cv-412
                                                                    (GLS/TWD)
          v.

SODEXO, INC.,

                    Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Lama Law Firm | LUCIANO L. LAMA, ESQ. |
| 2343 N. Triphammer Road | |
| Ithaca, NY 14850 | |
| **FOR THE DEFENDANT:** | |
| Harris, Beach Law Firm | DANIEL J. MOORE, ESQ. |
| 99 Garnsey Road | |
| Pittsford, NY 14534 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Phillip Annese commenced this action asserting claims against his former employer, defendant Sodexo, Inc., relative to his employment.  (*See* Am. Compl., Dkt. No. 11.)  Pending is Sodexo's motion

to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. No. 12.) For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[1]

On May 3, 2000, Sodexo offered Annese—who, at the time, had been working for another company—employment. (*See* Am. Compl. ¶¶ 5-7; Dkt. No. 12, Attach. 2 at 11-13.) The letter offering Annese a position with Sodexo explained that Annese "should not rely on any oral promises or other representations" not included in the letter, and that Sodexo was not offering employment "on a fixed term basis," but, instead, Sodexo or Annese was permitted to "terminate [the] employment at any time, for any reason, and with or without cause." (Dkt. No. 12, Attach. 2 at 12.) Annese was also provided a copy of Sodexo's employee handbook, which, among other things, "set forth a procedure for written warning, investigatory suspension, and termination of employment" in the event that discipline was necessary. (Am. Compl. ¶¶ 9, 13.) The handbook also stated,

---

[1] The facts are drawn from the Amended Complaint and a written offer of employment, which was submitted by Sodexo in support of its motion. (*See* Dkt. No. 12, Attach. 2 at 11-13.) While motions to dismiss are typically reviewed considering only the facts contained within the four corners of the complaint, as discussed thoroughly below, (*see infra* Part IV.), the written offer of employment is integral to the Amended Complaint, and, therefore, will be considered as well. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

2

however, that it "did not constitute a contractual relationship," and that Sodexo "reserves the right in its discretion to modify or discontinue any of the provisions in this Employee Handbook or to decide that they do not apply, or how they may apply to a given case." (*Id.* ¶¶ 27, 29.) Aware that his employment would be subject to and based upon the handbook and the aforementioned provisions, Annese accepted Sodexo's offer. (*See id.* ¶¶ 11-12.) After working for Sodexo for an unspecified period of time,[2] Annese was "summarly [sic] discharged . . . based upon false and unfounded allegations," denied an investigation of the allegations, denied a written warning, and denied an investigatory suspension. (*Id.* ¶ 26.)

## B. Procedural History

In January 2012, Annese commenced this action in the State of New York Supreme Court alleging that Sodexo breached an express and implied employment contract by terminating him without abiding by the disciplinary procedure set forth in the handbook. (*See* Compl., Dkt. No. 1, Attach. 2.) Sodexo thereafter removed the case to this court and promptly moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. Nos. 1, 3.) In light of Sodexo's motion, Annese cross-moved for leave

---

[2] The Amended Complaint sheds no light on the date that Annese was terminated.

to file an amended complaint. (*See* Dkt. No. 7.) This court granted Annese's cross motion and denied Sodexo's motion with leave to renew within fourteen days after Annese filed his Amended Complaint. (*See* Dkt. No. 10.) Annese ultimately filed an Amended Complaint, which alleged claims of: (1) promissory estoppel; (2) fraud; (3) negligent misrepresentation; and (4) breach of express and implied employment contract. (*See generally* Am. Compl.)

## III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

Sodexo contends that each of Annese's causes of action should be dismissed for failure to state a claim upon which relief can be granted. (*See* Dkt. No. 12.) Among other things, Sodexo asserts that Annese is unable to plead essential elements of his claims of promissory estoppel, fraud, and negligent misrepresentation. (*See id.*, Attach. 3 at 11-22.) Sodexo argues that Annese's "contract claims fail because none of the

documents relied upon by [him] constitute a written express limitation on Sodexo's right to terminate his [at-will] employment." (*Id.* at 7-10.) Sodexo further claims that, even if an implied employment contract existed, Annese failed to state a claim because the protective provisions in the employment handbook regarding a disciplinary procedure were discretionary. (*See id.* at 10-11.) In opposition, Annese contends that Sodexo's motion is premature because the parties have yet to engage in any discovery, (*see* Dkt. No. 14 at 2, 3-4, 16-17), and, on the merits, he generally disagrees with Sodexo's arguments. (*See id.* at 2-16.)[3]

Turning first to his contention that Sodexo's motion is premature, Annese relies upon authority that is inapplicable to the pending motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). Despite the fact that Sodexo has moved to dismiss, the cases and statutes cited by Annese inexplicably pertain to summary judgment.[4] In any event, Sodexo's motion

---

[3] The parties do not dispute, and the court agrees, that New York law applies to Annese's claims in this diversity action.

[4] The court further notes that the assertions of counsel for Annese that *Baron v. Inc. Vill. of Freeport*, 143 A.D.2d 792 (2d Dep't 1988), among other cases, held that "a motion to dismiss [is] premature [if] no depositions ha[ve] been conducted" is a blatant, though likely unintentional, misstatement of the law. (Dkt. No. 14 at 16.) The cited cases—and N.Y. C.P.L.R. § 3212 (McKinney 2005)—pertain to summary judgment motions, not motions to dismiss. Moreover, New York law has no bearing on the issue of whether Sodexo's motion, which was filed pursuant to the Federal Rules of Civil Procedure, is premature.

is not premature.  When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is generally limited "'to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" *Newman & Schwartz v. Asplundh Tree Exp. Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  Thus, discovery—and the court's reliance on any material facts that are borne therefrom—is unnecessary and, indeed, inappropriate when considering a motion to dismiss.  For this reason, Annese's argument that Sodexo's motion should be denied as premature is without merit.

   Next, the court must determine what documents it may consider in deciding this motion.  Sodexo contends that all of the exhibits attached to a declaration of Curtis Stancil, its human resources director, "may properly be considered by the [c]ourt." (Dkt. No. 12, Attach. 3 at 1 n.1, 5-6; *see* Dkt. No. 12, Attach. 2 ¶ 1.)  Those exhibits include: the written offer of employment referenced in Annese's Amended Complaint; an acknowledgment signed by Annese that he received certain policies and procedures of Sodexo; a letter offering Annese a promotion; excerpts of the January 2002 employee handbook and acknowledgment that Annese

6

received same; excerpts of the January 2006 handbook and acknowledgment that Annese recieved same; excerpts of the March 2009 handbook; excerpts of Sodexo policies dated 1999, 2002, and 2009; and a "constructive counseling notice" indicating that Annese was terminated in June 2011. (Dkt. No. 12, Attach. 2 at 11-75; *see* Am. Compl. ¶¶ 7, 56.) Annese takes no position with respect to whether the foregoing documents may be considered, but he specifically relies upon the 1999 policy in opposition. (*See* Dkt. No. 14 at 3.) Annese also references additional materials that he claims were provided with the 2009 handbook in his opposition papers. (*See id.*; Dkt. No. 15, Attach. 1 at 2, 4, 6.)

"'[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss." *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). Passing references to documents outside of the complaint, however, do not incorporate them into the complaint. *See Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011). Indeed, the complaint must

7

heavily rely upon the document's "'terms and effect'" to be considered "'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext*, 62 F.3d at 72)).

Here, no documents were attached to the Amended Complaint, nor were any incorporated by reference. (*See generally* Am. Compl.) The court is satisfied, however, that the written offer of employment dated May 3, 2000, which was submitted as an attachment to Stancil's declaration, is integral to the Amended Complaint, and, thus, may be considered in resolving the pending motion.[5] (*See* Dkt. No. 12, Attach. 2 at 11-13.) That offer letter is referenced several times in the Amended Complaint and Annese clearly relies heavily on its terms and effect. (*See* Am. Compl. ¶¶ 7, 10, 56.) As for the host of other documents submitted by Sodexo, none of them are integral to the Amended Complaint. The acknowledgments, company policies, and constructive counseling notice are never referenced in the Amended Complaint and Annese does not rely on them at all. In addition, because Annese does not even allege when he was terminated, the 2002, 2006, and 2009 handbooks have no apparent

---

[5] The employment handbook in effect at the time Annese received the written offer of employment is undoubtedly integral to the Complaint as well. Inasmuch as neither party has offered that document, however, the court cannot consider it.

8

bearing on Annese's claims.[6]  Accordingly, the court will limit its review to the allegations in the Amended Complaint and the written offer of employment dated May 3, 2000.

### A. Promissory Estoppel, Fraud, and Negligent Misrepresentation Claims

"The elements of a claim for promissory estoppel are: (1) a promise that is sufficiently clear and unambiguous; (2) reasonable reliance on the promise by a party; and (3) injury caused by the reliance."  *MatlinPatterson ATA Holdings LLC v. Fed. Express Corp.*, 87 A.D.3d 836, 842-43 (1st Dep't 2011); *see Schwartz v. Miltz*, 77 A.D.3d 723, 724 (2d Dep't 2010). On a claim of fraud, "the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury."  *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996).  Finally, negligent misrepresentation requires that the plaintiff show: "(1) the existence of a special or privity-like relationship

---

[6] Sodexo essentially concedes as much by noting that "[i]t would have been impossible for [Annese] to have relied on the specific provision of the 2002, 2006, or 2009 Employee Handbooks when considering Sodexo's offer of employment in May of 2000."  (Dkt. No. 12, Attach. 3 at 12 n.3.)

9

imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144, 148 (2007). Common to all three claims, the plaintiff must demonstrate the element of reasonable or justifiable reliance.

In New York, "'absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party.'" *Goldman v. White Plains Ctr. for Nursing Care, LLC*, 11 N.Y.3d 173, 177 (2008) (quoting *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333 (1987)). The practical consequence of this default rule is that reasonable reliance on protective provisions contained in an employer's policies or handbooks cannot typically be established as a matter of law. *See Marino v. Oakwood Care Ctr.*, 5 A.D.3d 740 (2d Dep't 2004) ("[S]ince the plaintiff was offered only at-will employment, she cannot establish reasonable reliance, a necessary element to recover damages on theories of fraudulent misrepresentation, negligent misrepresentation, and promissory estoppel."); *Arias v. Women in Need, Inc.*, 274 A.D.2d 353, 354 (1st Dep't 2000); *but see Braddock v. Braddock*, 60 A.D.3d 84, 88-96 (1st Dep't 2009) (acknowledging that under facts not present here, an at-will

employee may be able to make out reasonable reliance).  In other words, an at-will employee can almost never establish that he reasonably relied on a representation of his employer.

Here, Annese cannot, as a matter of law, establish that he reasonably relied upon any promises of Sodexo regarding the disciplinary procedure set out in the handbook in force at the time he was hired in 2000.  As the Amended Complaint states, the relevant handbook "set forth a procedure for written warning, investigatory suspension, and termination of employment."  (Am. Compl. ¶¶ 13, 25, 61.)  The handbook went on to "promise that [Annese] would be treated fairly in all dealings with [Sodexo] as employer."  (*Id.* ¶¶ 19-24.)  However, as alleged by Annese, the handbook also explained that Sodexo "reserve[d] the right in its discretion to modify or discontinue any of the provisions in th[e] Employee Handbook or to decide that they do not apply, or how they might apply to a given case."  (*Id.* ¶ 27.)  Moreover, Annese acknowledges "that the handbook itself did not constitute a contractual relationship."  (*Id.* ¶ 29.)  More importantly, the offer of employment letter Annese signed in May 2000 clearly and unambiguously expressed that Sodexo did "not offer employment on a fixed term basis, and the terms of th[e] letter [were] not

11

[to] be construed in any manner as a proposed contract for any such term." (Dkt. No. 12, Attach. 2 at 12.) The letter went on to make clear that either Annese or Sodexo could "terminate the employment at any time, for any reason, and with or without cause." (*Id.*)

The foregoing facts demonstrate that Annese was an at-will employee who was not entitled to rely on any representations made by Sodexo in the paper work it provided to him. *See Bower v. Atlis Sys., Inc.*, 182 A.D.2d 951, 953 (3d Dep't 1992) ("[T]he fact that an at-will employee may be terminated without cause at any time negates plaintiff's claim of reasonable reliance."). Moreover, the handbook expressly stated that it was not a contract, and that the policies, including the relevant disciplinary provisions, were discretionary in nature. (*See* Am. Compl. ¶¶ 27, 29.) Thus, Annese's claims for promissory estoppel, fraud, and negligent misrepresentation all fail because he cannot establish an essential element.

**B.    Breach of Express and Implied Employment Contract Claim**

While New York law recognizes "an action for breach of contract when plaintiff can show that the employer made its employee aware of an express written policy limiting the right of discharge and the employee

12

detrimentally relied on that policy in accepting employment," employee handbooks and policy statements, which set forth provisions protecting an employee from termination, do not create a contract where those documents also contain an "explicit disclaimer of a contractual relationship . . . [that] clearly preserves [the employer]'s right to maintain an at-will employment relationship with plaintiff."  *Lobosco v. N.Y. Tel. Co./NYEX*, 96 N.Y.2d 312, 316-17 (2001); *see Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 466-67 (1982); *Verricchio v. Fed. Express. Corp.*, No. 3:09-cv-1376, 2011 WL 831430, at * 4 (N.D.N.Y. Mar. 3, 2011) ("An explicit disclaimer on a contractual relationship will defeat any claim of a contractual relationship.").

    Here, because Annese cannot state a claim, his breach of express and implied employment contract claim also fails.  As explained above, (*see supra* Part IV.A), Annese was an at-will employee of Sodexo and he does not even allege that any express agreement to the contrary existed between he and Sodexo.  Fatal to this claim, the handbook in force when Annese was offered a position with Sodexo contained a disclaimer making clear that it "did not constitute a contractual relationship," thereby preserving Annese's status as an at-will employee.  (Am. Compl. ¶ 29.)  As

13

articulated in *Lobosco*, "[a]n employee seeking to rely on a provision arguably creating a promise must also be held to reliance on the disclaimer." 96 N.Y.2d at 317. Thus, Annese's final claim must be dismissed.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Sodexo's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 2, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court